# JEFFREY MILLER & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
116 John Street, 13th Floor ▪ New York, NY 10038
Tel 212.227.4200 ▪ Fax 212.504.8369

August 29, 2008

Honorable Judge Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re: Francisca Trinidad v. Steven Geiger, Manufacturers and Traders Trust Company, Baron Auto Mall, Inc., d/b/a Drive World, and Vladimir Zanan
> Index No. 08-CV-2782

Dear Honorable Justice Sandra L. Townes :

   Please regard this as a request for a pre-motion conference in support of defendants' Baron Auto Mall Inc. d/b/a Drive World (hereinafter "Driveworld") and Vladimir Zanan's (hereinafter "Zanan") motion to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). In accordance with the court's requirements, enclosed herewith is a statement of the facts pursuant to Local Rule 56.1.
   Defendants Driveworld and Zanan request that a pre-motion conference be held in order to allow defendants the opportunity to explain why a motion seeking dismissal of plaintiff's complaint pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted is warranted.
   We submit that a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter "FRCP") should be heard in light of plaintiff's failure to state a claim upon which relief can be granted as against Mr. Zanan, as an individual and as against Driveworld.
   The claims as against Mr. Zanan must be dismissed because it is neither purported nor can it be established that (i) Zanan, as an individual, had any involvement in the plaintiff's transaction with Driveworld; or (ii) Zanan ever executed any form of contract in conjunction with the plaintiff. Thus, Mr. Zanan requests that this Honorable court hold a pre-motion conference to afford him the opportunity to interpose a motion pursuant to FRCP 12(b)(6) dismissing the sixth, seventh, eighth, and ninth causes of action as against him, as an individual.
   Recognizing that this court can dismiss parties from claims to the extent warranted upon such terms as may be just. Relying upon the principle that the officers of a corporation are not personally liable on its contracts if they do not purport to bind themselves individually, Mr. Zanan must be dismissed from this action. McDonagh Real Estate & Dev., Ltd. v. Kwilecki, 158 AD2d 372, 551 NYS2d 227 (1990, 1st Dept.).
   Defendants request that the court note that plaintiff's first through fifth causes of action are not made against the moving defendants and therefore will not be addressed herein.

JEFFREY MILLER & ASSOCIATES, P.C.
ATTORNEYS AT LAW                                                        Page - 2 -

Plaintiff's sixth cause of action asserted against these defendants seeks damages for deceptive trade practices. Specifically, plaintiff alleges that these defendants violated New York General Business Law § 349, (hereinafter, "GBL § 349") but fails to set forth allegations sufficient to satisfy the elements of this cause of action.

In order to establish a prima facie case under GBL § 349 plaintiff must first show that the act or practice was misleading in a material respect, and secondly, that the plaintiff was injured. McDonald v. North Shore Yacht Sales, Inc. 134 Misc.2d 910 to 914, 513 N.Y.S.2d 590 (Sup. Ct. 1987).

Plaintiff fails to satisfy the required elements in order to show that defendants were involved in a deceptive business practice. Plaintiff fails to allege that any form of misrepresentation was made to the plaintiff by the defendants Driveworld and/or Zanan. As plaintiff has failed to allege that defendants made a misrepresentation, her sixth cause of action as against these defendants must be dismissed.

The seventh cause of action alleges that defendants engaged in fraudulent practices; however, this claim is insufficiently pled and does not satisfy any of the required element(s) to set forth a prima facie case as against the defendants.

To sufficiently plead fraud under Rule 3016, Plaintiff must allege facts from which a finder of fact could infer that: (i) defendant knowingly uttered a falsehood (ii) intending to (iii) deprive Plaintiff of a benefit, and (iv) Plaintiff was thereby deceived and (v) damaged. [Black v. Chittenden, 69 NY2d 665, 511 NYS2d 833, 834-835 (1986).] Each of the preceding elements listed must be supported by factual allegations sufficient to satisfy CPLR 3016(b). Ambassador Factors, 215 AD2d 305, 307 626 NYS2d 803, 805 (1st Dept. 1995).

Unequivocally, plaintiff has failed to set forth allegations that would support a prima facie showing of fraud. Upon information and belief, plaintiff fails to allege that defendants knowingly uttered a falsehood. Also, upon information and belief, plaintiff signed the retail installment contract.

Plaintiff also fails to establish that defendants intentionally deprived her of a benefit. Plaintiff recieved the exact vehicle plaintiff intended to purchase at the price agreed upon. Further, plaintiff duly executed contracts which disclosed each term of her agreement with Driveworld.

Whereas plaintiff has failed to set forth any of the elements necessary to establish a prima facie case of fraud, plaintiff's seventh cause of action must be dismissed.

The eighth cause of action alleges rescission of an illegal contract. However, plaintiff fails to allege any facts sufficient to meet the elements required to establish a valid cause of action for rescission. In order to establish a cause of action for rescission the plaintiff must show that there was a material misrepresentation of material fact by defendant, that defendant was aware that the misrepresentation was false, that defendant used the misrepresentation to induce plaintiff to rely upon it, and that plaintiff did rightfully rely upon the misrepresentation and as a result was injured. Perez v. Hempstead Motor Sales, Ltd., 173 Misc. 2d 710, 717, 662 N.Y.S.2d 184, 188 (Dist. Ct. Nassau Co. 1997). However, plaintiff has made no claim, and alleged no fact, in the Complaint that Driveworld took any action sufficient to satisfy even one of the

JEFFREY MILLER & ASSOCIATES, P.C.

ATTORNEYS AT LAW

Page - 3 -

required elements for rescission for fraud. Therefore plaintiff's eighth cause of action must be dismissed.

The ninth cause of action against defendants alleges that these defendants engaged in collusion with co-defendant M&T Bank.

Defendants are unaware of a cause of action for collusion that is applicable to the facts alleged within this cause of action and therefore will address the ninth cause of action as one for conspiracy. Plaintiff's cause of action for collusion (i.e. conspiracy) must be dismissed because it is established that New York does not recognize an independent tort to recover damages for civil conspiracy Red Carpet Valet, Ltd. V Hotel Nikko, Inc., 273 AD2d 289. There is no substantive tort of conspiracy under New York law. Alexander & Alexander v. Fritzen, 510 N.Y.S.2d 546 (Ct. App. 1986); Mountain Lion Baseball, Inc. v. Gaiman, 693 N.Y.S.2d 289 (3rd Dept. 1999); Chemical Bank v. Ettinger, 602 N.Y.S.2d 332 (1st Dept. 1993).

Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort. Danahy v. Meese, 84 AD2d 670, 672; and Gladliz Inc. v. Castiron Court Corp., 177 Misc. 2d 392. Plaintiff, however, fails to plead a viable cause of for conspiracy and therefore cannot claim conspiracy in an attempt to connect the actions of the moving defendants.

As New York law does not recognize a civil action for conspiracy plaintiff's ninth cause of action as against defendants must be dismissed.

As was demonstrated above these defendants have a good faith basis for requesting that this Honorable court grant a pre-motion conference to allow these defendants to interpose a motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a cause of action upon which relief can be granted and to sever and dismiss all claims asserted against Mr. Zanan as an individual should be permitted.

Very Truly Yours,
JEFFREY MILLER & ASSOCIATES, P.C.

_____
Jeffrey R. Miller, Esq. (JRM0788)

CC: Richard Lamborn
333 East 149th Street
Bronx, NY 10451

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANCISCA TRINIDAD,

                Plaintiff,

      -against-

STEVEN GEIGER, an individual, MANUFACTURERS
AND TRADERS TRUST COMPANY, a New York
Corporation, BARON AUTO MALL, INC. d/b/a
DRIVE WORLD, a New York corporation, and
VLADIMIR ZANAN, an individual,

                Defendants.
---------------------------------------------------------------X

**LOCAL RULE 56.1**
**STATEMENT OF**
**MATERIAL FACTS**

Index No: 08-CV-2782

Pursuant to Local Rule 56.1 of the United States District Court for the Eastern District, Defendants, Baron Auto Mall d/b/a Drive World (hereinafter "Driveworld") and Vladimir Zanan (hereinafter "Zanan"), submit the following statement of material facts for which Driveworld and Zanan contend there are no genuine issues to be tried:

1. Defendant Driveworld is a New York domestic corporation in good standing, duly authorized and licensed to transact business within the State of New York with a principal place of business at 1922 Utica Avenue, Brooklyn, NY 11234. (See, Affidavit of Damien Bullard, annexed hereto as Exhibit "A").

2. Defendant Zanan is a principal within the corporation of defendant Driveworld. (See, Id.).

3. Upon information and belief, on January 26, 2007 plaintiff entered into a Retail Installment Contract with defendant Driveworld. (See, Retail Installment Contract, annexed hereto as Exhibit "B").

4. That the January 26, 2007 Retail Installment Contract is for the sale of a Used 2007 Toyota Camry, Vehicle Identification Number 4T1BE46K37U050173. (See, Id.).

5. The January 26, 2007 Retail Installment Contract clearly states that the car is Used. (See, Id. at line 4).

6. The Premier Warranty Plan for the 2007 Toyota Camry clearly states that the mileage of the vehicle is 12,617. (See, Premier Warranty Plan, annexed hereto as Exhibit "C").

7. On February 21, 2008 plaintiff filed a complaint with the Department of Consumer Affairs (hereinafter "DCA"). (See, Department of Consumer Affairs Complaint, annexed hereto as Exhibit "D").

8. Within plaintiff's DCA Complaint she alleges the following:

> That Car was sold to her as a brand new car. Caller (plaintiff) has recently found out from DMV that this vehicle is used and has over 12,000 miles on it. Caller (plaintiff) also states that additional charges have been added. Contract that was signed did not mention any additional charges. Caller (plaintiff) adds that dealership sells both used and new vehicles.

(See, Id.)

9. Plaintiff interposed the instant action against defendants Driveworld and Zanan on July 15, 2008. (See, Summons and Complaint, annexed hereto as Exhibit "E").

Dated: New York, New York
August 29, 2008

Yours, etc.,

_____
Jeffrey R. Miller, Esq. (JRM0788)
JEFFREY MILLER & ASSOCIATES, P.C.

Attorneys for Defendant
BARON AUTO MALL INC. d/b/a
DRIVEWORLD and VLADIMIR ZANAN, an Individual
116 John Street
13th Floor
New York, New York 10038
(212) 227-4200

TO: Richard D. Lamborn, Esq.
Attorney for plaintiff
333 East 149th Street, 2nd Floor
Bronx, NY 10451
(917) 671-6217